1 Benjamin A. Nix, Bar No. 138258
   ban@paynefears.com
2 Erik M. Andersen, Bar No. 220513
   ema@paynefears.com
3 PAYNE & FEARS LLP
   Attorneys at Law
4 4 Park Plaza, Suite 1100
   Irvine, California 92614
5 Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
6
   Attorneys for Defendants BEDDING PROS, LLC and MATTRESS, USA, INC.
7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 ORTHO MATTRESS, INC., a California Corporation, | Case No. 2:17-cv-05409 |
| 13 | [Los Angeles County Superior Court Case No.: BC665853] |
| Plaintiff, | |
| 14 | |
| v. | PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF JOSEPH A. NASHIF |
| 15 | |
| 16 BEDDING PROS, LLC dba US-MATTRESS, a Michigan Limited Liability Company; MATTRESS, USA, INC. dba US-MATTRESS, a Michigan Corporation; and DOES 1 through 25 inclusive., | |
| 17 | |
| 18 | |
| 19 Defendants. | |
| 20 CALIFORNIA STATE BOARD OF EQUALIZATION, | Trial Date:    None |
| 21 | |
| 22 Nominal Defendant. | |

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2  **DISTRICT OF CALIFORNIA:**

3

4     PLEASE TAKE NOTICE that Defendants Bedding Pros, LLC and Mattress

5  USA, Inc. hereby jointly remove this action from the Superior Court of the State of

6  California for the County of Los Angeles to the United States District Court for the

7  Central District of California, on the following grounds:

8

9  I.   **THERE IS COMPLETE DIVERSITY AND THE AMOUNT IN**

10       **CONTROVERSY IS OVER $75,000**

11

12     1.   This case is properly removed under 28 U.S.C. § 1332 due to the

13  existence of: (1) complete diversity between Plaintiff Ortho Mattress, Inc. and

14  Defendants Bedding Pros, LLC ("Bedding Pros") and Mattress USA, Inc.

15  ("Mattress USA," collectively "Defendants"); and (2) the amount in controversy

16  exceeds $75,000.

17

18     2.   Plaintiff is a citizen of the state of California, and was a California

19  citizen at the time of the filing of its Complaint. (*See* Compl. ¶1 (attached hereto as

20  "Exhibit A")).  Specifically, Plaintiff is a California corporation with its principal

21  place of business in La Mirada, California.  (Ex. A ¶ 1)

22

23     3.   Defendants are now, and were at the time this action was commenced,

24  citizens of the State of Michigan within the meaning of 28 U.S.C. section 1332.

25

26     Specifically, at all material times, Bedding Pros LLC was a Michigan Limited

27  Liability Company and has maintained its principal place of business in the State of

28  Michigan.  (Decl. of Joseph A. Nashif ("Nashif Decl.") ¶ 3.)  Moreover, its sole

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 | member is a Michigan Corporation with its principal place of business in Michigan.

2 | (*Id.*)  Similarly, at all material times, Mattress USA was a Michigan corporation and

3 | has maintained its principal place of business in the State of Michigan.  (*Id.* ¶ 4.)

4 |

5 |      4.    Nominal Defendant California State Board of Equalization (hereinafter,

6 | "Nominal Defendant" or "BOE") is a California tax agency as well as a sham

7 | defendant that was fraudulently joined for the purpose of avoiding federal

8 | jurisdiction.

9 |

10 |      Specifically, a private entity like Plaintiff Ortho Mattress that is not seeking a

11 | refund for its *own* taxes cannot state any cause of action against the BOE (or

12 | Defendants) and has no standing or ability to end-run the exclusive tax-

13 | determination powers that belonged to the BOE prior to its July 1, 2017

14 | restructuring.[1]  *See Loeffler v. Target Corp.*, 58 Cal. 4th 1081, 1100, 171 Cal. Rptr.

15 | 3d 189 (2014) ("A UCL or CLRA cause of action … cannot be reconciled with the

16 | primary decisionmaking role that the tax code vests in the Board with respect to tax

17 | issues").[2]

18 |

19 |      5.    Plaintiff's Complaint also raises a matter in controversy that exceeds

20 | the sum or value of $75,000, exclusive of interest and costs.  Specifically, in

21 | addition to seeking damages, the complaint also seeks an injunction requiring

22 |

23 | [1] As of July 1, 2017, with the passage of Assembly Bill 102, the BOE was stripped of its statutory tax-related authority, which has been split between two new

24 | agencies:  the California Department of Tax and Fee Administration and the Office of Tax Appeals.  *See, e.g.*, http://www.cdtfa.ca.gov/about.html#collapseThree (Jul.

25 | 19, 2017).

26 | [2] *See also McClain v. Sav-On Drugs*, 9 Cal. App. 5th 684, 702, 215 Cal. Rptr. 3d 416 (2017) (affirming dismissal of claims challenging sales taxes by consumers

27 | where Board "has yet to decide" whether a refund was appropriate" since "they have no means in this lawsuit of establishing whether [sales tax] was due.").

28 |

1   Defendants to pay California use taxes on out-of-state tax-exempt goods sold by

2   Mattress USA that are delivered to California via common carrier.  (*See* Ex. A ¶ 55

3   & pp. 12(A) & (B).)

4

5   These allegations violate the United States Supreme Court's binding decisions

6   in *National Bellas Hess, Inc. v. Dept. of Revenue of State of Ill.*, 386 U.S. 753, 758,

7   87 S. Ct. 1389, 18 L.Ed. 2d 505 ("the Court has never held that a State may impose

8   the duty of use tax collection and payment upon a seller whose only connection with

9   customers in the State is by common carrier or the United States mail"), and *Quill*

10  *Corp. v. North Dakota by and through Heitkamp*, 504 U.S. 298, 314-319, 112 S. Ct.

11  1904, 119 L. Ed. 2d 91 (1992) (reaffirming *National Bellas Hess*).

12

13  Moreover, the allegations in the Complaint seek to impose more than $1

14  million in unconstitutional taxes upon Defendant Mattress USA.  (Nashif Decl. ¶ 6.)

15  To demonstrate the size of the Plaintiff's claim, Mattress USA's pending refund

16  request before the California Board of Equalization for a single quarter exceeds

17  $150,000.  (*Id.* ¶ 7.)

18

19  6.   Pursuant to 28 U.S.C. § 1441(b), this case is being removed within

20  thirty (30) days of Bedding Pros being served the Complaint.  Mattress USA joins in

21  the removal.  (Nashif Decl. ¶ 2.)

22

23  ## II.   THE STATE COURT ACTION

24

25  7.   On June 22, 2017, Ortho Mattress filed the instant action against

26  Defendants.  *See Ortho Mattress, Inc. v. Bedding Pros, LLC dba US-Mattress, et al.*,

27  BC665853 (California Superior Court, Los Angeles County).  Bedding Pros was

28  served with a copy of the Summons and Complaint on June 26, 2017.  A true and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

correct copy of the Summons and Complaint are attached to this Notice as Exhibit "A." (Nashif Decl. ¶ 2.)  Mattress USA was served on the same day.  (*Id.*)

8.     The Complaint alleges five causes of action: (1) Intentional Interference with Prospective Economic Advantage, (2) Negligent Interference with Prospective Economic Advantage, (3) False Advertising Under Cal. Bus. & Prof. Code §§ 17500, et seq., (4) Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200, et seq., and (5) Common Law Unfair Competition.  (Ex. A, at 1.)

9.     In support of each cause of action, Ortho Mattress alleges that Defendants receive a substantial amount of online mattress and relate sales from California customers, including but not limited to those customers within Los Angeles County.  (Ex. A, ¶ 12).

10.     Ortho Mattress further alleges that Defendants have failed to register for a seller's permit or appropriate license with the BOE for any of its California-based business activity and have failed to collect any California use tax in violation of Cal. Rev. & Tax. Code § 6203, subd. (a).  (Ex. A ¶¶ 21-22.)

11.     Further, Ortho Mattress alleges that Defendants' alleged failure to pay California use taxes has "caused Ortho Mattress's economic relationships with its ongoing and prospective California customer base to suffer" due to Defendants alleged ability "to offer its mattress and bedding products for sale at a significantly lower cost" than Ortho Mattress.  (Ex. A, ¶ 22-23.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

12.    Nowhere in the Complaint does Ortho Mattress seek any relief or make any claim against "nominal defendant" California State Board of Equalization. (*See* generally Ex. A.)

## III.    COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND US-MATTRESS

13.    Plaintiff Ortho Mattress, Inc. is a California Corporation with its principal place of business in La Mirada, California. (Ex. A, ¶ 1.)

14.    Defendant Bedding Pros, LLC  is a Michigan Limited Liability Company with its principal place of business in Livonia, Michigan. (Nashif Decl. ¶ 3; s*ee also* Ex. A, ¶ 2.)  The sole member of Bedding Pros, LLC is Salinas Valley, Inc., a Michigan Corporation with its principal place of business in Michigan. (Nashif Decl. ¶ 3.)

15.    Limited Liability Companies are citizens of every state of which its owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).  Accordingly,  Bedding Pros is a Michigan citizen.

16.    Defendant Mattress USA, Inc. is a Michigan Corporation with its principal place of business in Brighton, Michigan. (Nashif Decl. ¶ 4; *see also* Ex. A, ¶ 3.)

17.    If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010) ("[W]e

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 | conclude that the phrase 'principal place of business' refers to the place where the

2 | corporation's high level officers direct, control, and coordinate the corporation's

3 | activities.")  Accordingly, Mattress USA, Inc. is a Michigan citizen.

4

5 | 18.   "Doe" Defendants fictitiously named, but not served, are not joined in

6 | this Petition and Notice of Removal, and shall be disregarded for the purposes of

7 | determining removal jurisdiction.  28 U.S.C. § 1441(b)(1).  In determining whether

8 | diversity of citizenship exists, only the named defendants are considered.

9 | *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

10

11 | 19.   Since Ortho Mattress is a citizen of California and Defendants are

12 | citizens of Michigan there exists complete diversity as between the only parties for

13 | which any claims are alleged or amongst whom any relief is sought.

14

15 | **IV.   NAMING THE CALIFORNIA STATE BOARD OF EQUALIZATION**

16 | **DOES NOT DESTROY COMPLETE DIVERSITY BECAUSE THE BOE**

17 | **WAS JOINED FOR THE SOLE PURPOSE OF AVOIDING FEDERAL**

18 | **JURISDICTION**

19

20 | 20.   A defendant's right of removal cannot be defeated by the fraudulent

21 | joinder of a non-diverse defendant.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313,

22 | 1318-19 (9th Cir. 1998) ("[i]t is commonplace that fraudulently joined defendants

23 | will not defeat removal on diversity grounds.").

24

25 | 21.   In the Ninth Circuit, a non-diverse defendant is deemed a sham, and

26 | will not defeat jurisdiction, "if a plaintiff fails to state a cause of action against a

27 | resident defendant, and the failure is obvious according to the well-settled rules of

28 | the state." *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

2002); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (a non-diverse party named in the state court action may be disregarded if the federal court determines that the party's joinder is a "sham" or "fraudulent" so that no possible cause of action can be pursued against that party); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Here, such circumstances are clear from the face of the Complaint, since it alleges no facts directed at a cause of action toward the Board of Equalization ("BOE") and seeks no relief against the BOE. Moreover, no cause of action can lie against the BOE as a matter of law.

22.     As a result, Ortho Mattress' naming of the BOE in the caption as a defendant does not defeat removal based on diversity grounds because the BOE was fraudulently joined in this case for the purpose of defeating federal diversity jurisdiction. *See Greene v. Wyeth*, 344 F. Supp. 2d 674, 678 (D. Nev. 2004); *Ritchey*, 139 F.3d 1313 at 1318-19.

## V.     AS A MATTER OF LAW, PLAINTIFF CANNOT POSSIBLY RECOVER AGAINST CALIFORNIA STATE BOARD OF EQUALIZATION

23.     Fraudulent joinder may be found where either "no cause of action is stated against the non-diverse defendant, or in fact no cause of action exists." *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979). In determining whether a defendant has been fraudulently joined, "the Court must determine whether a cause of action is stated against the non-diverse defendant as provided by state law." *Wiley v. Safeway Stores, Inc.*, 400 F. Supp. 653, 655 (N.D. Okl. 1975).

24.     Again, Ortho Mattress does not assert a cause of action against the BOE. (Ex. A, ¶¶ 26-61.) Instead, each of the five causes of actions (and the

1 │ underlying factual allegations) are asserted against Defendants alone. (*Id.*)

2

3 │       25.    Second, even if Ortho Mattress asserted a cause of action against the

4 │ BOE, it could not possibly recover against the BOE:  A comprehensive

5 │ administrative scheme exists to resolve taxability questions and to govern disputes

6 │ between the taxpayer and the BOE, and these administrative procedures must be

7 │ exhausted before the taxpayer may resort to court. *See Loeffler v. Target Corp.*,

8 │ supra, 58 Cal. 4th 1081, 1103 (2014).

9

10 │       26.    Specifically, in *Loeffler*, the California Supreme Court affirmed a

11 │ judgment dismissing a complaint seeking refunds from a store that consumers

12 │ alleged had erroneously paid sales tax on hot coffee sold "to go."  58 Cal. 4th at

13 │ 1902.  In affirming, the Supreme Court "conclude[d] that the tax code provides the

14 │ exclusive means by which plaintiffs' dispute over the taxability of a retail sale may

15 │ be resolved and that their current lawsuit is inconsistent with tax code procedures."

16 │ *Id.*  Moreover, "the consumer protection statutes under which plaintiffs brought their

17 │ action cannot be employed to avoid the limitations and procedures set out by the

18 │ Revenue and Taxation Code." *Id.*

19

20 │       27.    Moreover, *Loeffler* explains why the BOE itself cannot be sued in a

21 │ case like this.  First, the question whether any particular item is subject to tax ("the

22 │ taxability question") is:

23

24 │     …exceedingly closely regulated, complex and high
   │ technical.  A *comprehensive administrative scheme* is
25 │ provided to resolve these and other tax questions and to
   │ govern disputes between the taxpayer and the Board.
26 │ *Under these administrative procedures, it is for the*
   │ *Board in the first instance to interpret and administer* an
27 │ intensely detailed and fact-specific sales tax system
   │ governing an enormous universe of transactions.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-9-

1    58 Cal. 4th at 1103 (emphasis added).  As a result, "it would be inconsistent

2  with this scheme to permit [a] consumer to initiate a consumer action . . . requiring a

3  court to resolve, outside the searching regulatory scheme established by the tax

4  code, whether a sale was taxable or exempt …." *Id.* at 1104.

5

6    28.    Second, under California's tax laws, there is no private right of action

7  provided to a company like Ortho Mattress to challenge the tax treatment afforded a

8  complete stranger like either of the Defendants.  Instead, the BOE – prior to its

9  replacement by other administrative entities on July 1, 2017 – provided many

10  **informal** routes short of litigation for parties like Ortho Mattress to share concerns.

11  *See Loeffler*, 58 Cal. 4th at 1123.  These included an informal complaint process,

12  fielding calls and emails from the public, and handling tips from informants, any of

13  which "could lead to a deficiency determination against the taxpayer." *Id.*

14

15    29.    Accordingly, the California Supreme Court concluded that the sales tax

16  scheme (which also administers use taxes) "depicts a system that comprehensively

17  regulates taxation on myriad types of transactions, and confirms that the Board is the

18  entity responsible for determining in the first instance whether transactions, in their

19  nearly infinite variety, are taxable and how much tax is due." *Loeffler*, 58 Cal. 4th

20  at 1123.  Any other method of resolving the "taxability question" is "inconsistent

21  with the method established by the Legislature as the exclusive means for

22  ascertaining whether a transaction is subject to the sales tax." *Id.*; *see also McClain*

23  *v. Sav-on Drugs*, supra, 9 Cal. App. 5th 684, 702 (not possible to state a cause of

24  action where the BOE had not yet decided whether a tax applied or not).

25

26    30.    Under these circumstances, the reason for the lack of allegations or

27  causes of action directed at a "nominal defendant" like the Board of Equalization

28  becomes apparent: Ortho Mattress cannot do so.  This renders the BOE the essence

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL

1  of a sham defendant.  Complete diversity thus exists.

2

3  ### VI.  AS ALLEGED, THE AMOUNT IN CONTROVERSY

4  ### EXCEEDS THE JURISDICTIONAL REQUIREMENT

5

6  31.  The jurisdictional minimum amount that must be in controversy,

7  $75,000, was satisfied at the time of the filing of this action, and is still satisfied by

8  the facts set forth herein and described more specifically below.  28 U.S.C. §

9  1332(a) ("[D]istrict courts ... have original jurisdiction of all civil actions where the

10  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

11  costs and is between ... citizens of different States."); *see also Matheson v.*

12  *Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction

13  founded on [diversity] requires that the parties be in complete diversity and the

14  amount in controversy exceed $75,000").

15

16  32.  Defendants discuss below the allegations in Ortho Mattress's

17  Complaint solely to demonstrate that the amount in controversy in this matter

18  exceeds $75,000.  Further, Defendants deny that Ortho Mattress is entitled to any

19  damages and that Ortho Mattress will be able to recover on any of his theories of

20  recovery, much less be able to force any out-of-state companies complying with the

21  constitutional rules laid out in *National Bellas Hess* and *Quill* to pay California use

22  taxes.

23

24  33.  This Court may, for removal purposes, look to the removal papers and

25  the pleadings for underlying facts establishing the jurisdictional limit.  *Singer v.*

26  *State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles,*

27  *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Further, "when a defendant seeks federal-

28  court adjudication, the defendant's amount-in-controversy allegation should be

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   accepted when not contested by the plaintiff or questioned by the court." *Dart*

2   *Cherokee Basin Operating Co., LLC v. Owens*, -- US --, 135 S. Ct. 547, 190 L. Ed.

3   2d 495 (2014).  In measuring the amount in controversy for purposes of diversity

4   jurisdiction, "a court must assume that the allegations of the complaint are true and

5   assume that a jury will return a verdict for the plaintiff on all claims made in the

6   complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.

7   2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added).  In addition,

8   the Court should aggregate damages in determining whether the controversy

9   exceeds $75,000.  *See Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 510

10  (9th Cir. 1978); *U.S. v. Southern Pac. Transp. Co.*, 543 F.2d 676, 683 n.9 (9th Cir.

11  1976).

12

13      34.      Here, in addition to injunctive relief seeking to compel Defendants to

14  collect and pay California use taxes (Ex. A, Prayer, ¶ A), Ortho Mattress seeks to

15  recover (1) general, special, and punitive damages (*Id.*, ¶¶ B-C); (2) restitution (*Id.*,

16  ¶ D); (3) attorneys' fees (*Id.*, ¶ E); and (4) costs of suit. (*Id.*)

17

18      35.      In the Ninth Circuit, the test for determining the amount in controversy

19  is the pecuniary result to either party which the judgment would directly produce.

20  *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

21  ("In other words, where the value of a plaintiff's potential recovery … is below the

22  jurisdictional amount, but the potential cost to the defendant of complying with the

23  injunction exceeds that amount, it is the latter that represents the amount in

24  controversy for jurisdictional purposes.")

25

26      36.      Ortho Mattress's Complaint seeks "injunctive relief ordering

27  Defendants … to take all necessary steps to charge use tax to its online sales made

28  to California customers as applicable under California's Revenue & Taxation Code"

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-12-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 (Complaint, ¶¶ 34, 42, 55) and "enjoin the false advertising" (Complaint, ¶¶ 51, 55).

2

3       37.    If granted, such injunction will require Defendant Mattress USA to pay

4 quarterly sums well over the minimum jurisdictional amount.  (Nashif Decl. ¶ 7.)

5 To provide some context, as part of its on-going dispute with BOE over BOE's

6 refusal to honor the *National Bellas Hess* and *Quill* decisions, Mattress USA has

7 initiated a refund request for one quarter in which the amount at issue is over

8 $150,000.  (*Id.*)  The amount wholly at issue is well over $1 million.  (*Id.*)  In

9 addition, Ortho Mattress seeks the same amounts against Bedding Pros, collectively

10 pleading against both Defendants as "US-Mattress".  (*See, e.g.*, Ex. A, at 1.)  The

11 cost to Defendants associated with compliance with any such injunctive relief thus

12 far exceeds the jurisdictional minimum.

13

14                 **VII.   REMOVAL IS TIMELY**

15

16       38.    Under 28 U.S.C. § 1446, Bedding Pros has 30 days from the date of

17 service to remove Ortho Mattress's Complaint to federal court.  Because Bedding

18 Pros was served on June 26, 2017, removal is timely.

19

20            **VIII.  ALL DEFENDANTS CONSENT TO REMOVAL**

21

22       39.    Both Bedding Pros, LLC and Mattress USA, Inc. consent to removing

23 Ortho Mattress's Complaint to federal court.  (Nashif Decl. ¶ 2.)

24

25                 **IX.   CONCLUSION**

26

27       40.    Because this civil action is between citizens of different states and the

28 amount in controversy as pled is alleged to be over $75,000, and all other procedural

-13-

1    requirements are met, this Court has original jurisdiction over Plaintiff's Complaint,

2    and Defendants may remove this Complaint to federal court pursuant to 28 U.S.C. §

3    1332 and 28 U.S.C. § 1441.

4

5    DATED: July 21, 2017                PAYNE & FEARS LLP

6

7

8    By: _____
                                        ERIK M. ANDERSEN
9                                       BENJAMIN A. NIX

10
                                        Attorneys for Defendants BEDDING
11                                      PROS, LLC and MATTRESS, USA, INC.

12

13

14   4848-4579-5403.2

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-14-
PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DECLARATION OF JOSEPH A. NASHIF

I, Joseph A. Nashif, declare as follows:

1.      I am the President of both Mattress USA, Inc. ("Mattress USA") and Bedding Pros LLC ("Bedding Pros").  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Bedding Pros' and Mattress USA's joint Notice of Removal.

2.      Both Bedding Pros and Mattress USA were recently served in Michigan with a complaint filed in the California state courts by Plaintiff Ortho Mattress Inc. ("Ortho Mattress").  A true and correct copy of the complaint is attached as Exhibit A.  Bedding Pros was served on June 26, 2017, as was Mattress USA.  Both companies consent and join in the removal of this case to federal court.

3.      Bedding Pros LLC is a Michigan limited liability company.  Its principal place of business is in Livonia, Michigan.  Additionally, its sole member is Salinas Valley Holdings Inc. ("Salinas Valley Holdings").  Salinas Valley Holdings is a Michigan corporation with its principal place of business in Livonia, Michigan as well.

4.      Similarly, Mattress USA, Inc. is a Michigan corporation with its principal place of business in Brighton, Michigan.

5.      Mattress USA has done business as US-Mattress and has sold mattresses both online and through a number of retail outlets in Michigan.  Neither Mattress USA nor Bedding Pros has any operations or employees in California.  Instead, to the extent any orders have been received from California, they have been delivered by common carriers.

6.    Mattress USA is currently in a dispute with California's Board of Equalization over whether the company – as a Michigan corporation that has no physical presence in California – can be required by the State of California to collect use taxes from California consumers and otherwise be required to report to the state. This is the same issue that is raised by the Ortho Mattress complaint.  The amount in dispute exceeds $1 million and so does the amount raised at issue by the Ortho Mattress complaint, which Ortho Mattress alleges is owed by both Mattress USA and Bedding Pros.

7.    Additionally, as part of the BOE administrative dispute resolution process, Mattress USA has a pending refund action – based, in part, on the unconstitutionality of California's taxing efforts against it – for a single quarter. The amount of taxes at issue for that quarter exceed $150,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 20, 2017, at Livonia, Michigan.


_____
Joseph A. Nashif

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## PROOF OF SERVICE

2

*Ortho Mattress, Inc. v. Bedding Pros, LLC, et al*
*United States District Court Case No.* 2:17-cv-05409

3

4 **STATE OF CALIFORNIA, COUNTY OF ORANGE**

5

    At the time of service, I was over 18 years of age and **not a party to this**
6 **action**. I am employed in the County of Orange, State of California. My business
address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

7

    On July 21, 2017, I served true copies of the following document(s) described
8 as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION**
**PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF JOSEPH**
9 **A. NASHIF** on the interested parties in this action as follows:

10

11 Craig J. Mariam, Esq.               Attorneys for Plaintiff ORTHO
James E. Hawley, Esq.             MATTRESS, INC.
12 GORDON & REES LLP
633 West Fifth Street, 52nd Floor
13 Los Angeles, CA 90071
Tel: (213) 576-5000
14 Fax: (877) 306-0043
E-Mail: cmariam@gordonrees.com
15           jhawley@gordonrees.com

16

17

18

    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package
19 addressed to the persons at the address listed above and placed the envelope for
collection and mailing, following our ordinary business practices. I am readily
20 familiar with Payne & Fears LLP's practice for collecting and processing
correspondence for mailing. On the same day that the correspondence is placed for
21 collection and mailing, it is deposited in the ordinary course of business with the
United States Postal Service, in a sealed envelope with postage fully prepaid.

22

    **[Federal]** I declare under penalty of perjury under the laws of the United
23 States of America that the foregoing is true and correct and that I am employed in
the office of a member of the bar of this Court at whose direction the service was
24 made.

25     Executed on July 21, 2017, at Irvine, California.

26

27                       *Terri M. Shaw*
                      Terri M. Shaw
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PROOF OF SERVICE