1  XAVIER BECERRA
   Attorney General of California
2  LISA W. CHAO
   Supervising Deputy Attorney General
3  LAURA E. ROBBINS
   Deputy Attorney General
4  State Bar No. 234652
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone: (213) 897-2479
6    Fax: (213) 897-5775
     E-mail: Laura.Robbins@doj.ca.gov
7  *Attorneys for Nominal Defendant*
   *California Department of Tax and Fee*
8  *Administration*

9

                IN THE UNITED STATES DISTRICT COURT
10
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12

13

14  **ORTHO MATTRESS, INC., a**          2:17-cv-05409-GW-Ex
    **California Corporation,**
15                                        **NOMINAL DEFENDANT**
                              Plaintiff,  **CALIFORNIA DEPARTMENT OF**
16                                        **TAX AND FEE**
                          v.              **ADMINISTRATION'S**
17                                        **STATEMENT OF NON-**
                                          **OPPOSITION TO PLAINTIFF**
18  **BEDDING PROS, LLC dba US-**         **ORTHO MATTRESS, INC.'S**
    **MATTRESS, a Michigan Limited**      **MOTION FOR ORDER OF**
19  **Liability Company; MATTRESS**       **REMAND TO THE LOS ANGELES**
    **USA, INC., dba US-MATTRESS, a**     **SUPERIOR COURT**
    **Michigan Corporation; and DOES 1**
20  **through 25, inclusive,**            Date:        September 14, 2017
                                          Time:        8:30 a.m.
21                            Defendants.  Courtroom:   9D
                                          Judge:       George Wu
22  **CALIFORNIA STATE BOARD OF**         Trial Date:  Not Set
    **EQUALIZATION,**                     Action Filed: 6/21/2017
23
                     Nominal Defendant.
24

25

26

27

28

1

2

## TABLE OF CONTENTS

Page

3    INTRODUCTION..................................................................................................1

4    FACTS AND PROCEDURAL BACKGROUND ...............................................2

ARGUMENT .........................................................................................................3

5

     I.      The Court Must Remand This Case Because It Lacks

6            Jurisdiction. ................................................................................3

         A.      The Court Lacks Subject Matter Jurisdiction Pursuant to

7                 the State Tax Injunction Act. ...........................................3

         B.      The Principle of Comity Divests This Court of Subject

8                 Matter Jurisdiction. ..........................................................5

9      II.      The Court Should Decline Jurisdiction Under the Principle of

           Abstention and Remand the Case......................................................6

10      III.      The Court Should Remand the Case Because the CDFTA Is

11            Immune From Suit in Federal Court Pursuant to the Eleventh

           Amendment to the United States Constitution. .................................8

12    CONCLUSION ...................................................................................................10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

           CDFTA'S NON-OPPOSITION

1

## TABLE OF AUTHORITIES

2

3 **CASES**

**Page**

4

*Albingia Versicherungs A.G v. Schenker Int'l Inc.,*
5     344 F.3d 931, 938 (9th Cir. 2003) ....................................................................3

6 *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality,*
7     213 F.3d 1108, 1113 (9th Cir. 2000) ..............................................................3

8 *Burford v. Sun Oil Co.*
    319 U.S. 315 (1943)...............................................................................6, 7, 8
9

*California v. Grace Brethren Church*
10     457 U.S. 393 (1982)........................................................................................5

11

*City of Tucson v. United States W. Communs.*
12     284 F.3d 1128, 1133 (9th Cir. 2002) ...............................................................7

13

*Decorative Carpets, Inc. v. St. Bd. of Equalization*
14     58 Cal.2d 252 (Cal. 1962)...............................................................................9

15

*Fair Assessment in Real Estate Ass'n, Inc. v. McNary*
16     454 U.S., 102 S. Ct. (1981)..........................................................................6, 7

17

*Hans v. Louisiana*
18     134 U.S. 1, 13, 10 S. Ct. 504 (1890)...............................................................8

19 *Jerron West, Inc. v. State of California State Board of Equalization*
    129 F.3d 1334 (1997)...................................................................................4, 6
20

*Kennecott Copper Corp. v. State Tax Comm'n*
21     327 U.S. 573, 577, 66 S. Ct. 745, 747 (1946)................................................9

22

*Knudsen Corp. v. Nevada State Dairy Comm'n*
23     676 F.2d 374 (9th Cir. 1982) ..........................................................................7

24

*Levin v. Commerce Energy, Inc.*
25     560 U.S. 413, 130 S. Ct. 2323 (2010)......................................................4, 5, 7

26

*Loeffler v. Target, Inc.*
27     58 Cal.4th 1081 (2014) ................................................................................1, 7

28

     CDFTA'S NON-OPPOSITION

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Marvin F. Poer and Company v. Counties of Alameda*
4       725 F.2d 1234, 1235-1236 (9th Cir. 1984).................................................................4

5

*Moe v. Confederated Salish & Kootenai Tribes*
6       425 U.S. 463, 470 (1976).................................................................3

7

*Pennhurst State Sch. & Hosp. v. Halderman*
8       465 U.S. 89 (1984).................................................................8

9

*Rosewell v. La Salle Nat'l Bank*
        450 U.S. 503 (1981).................................................................5

10

*Seminole Tribe of Florida v. Florida*
11      517 U.S. 44 (1996).................................................................8

12

*Southern Cal. Edison Co. v. Lynch*
13      307 F.3d 794 (9th Cir. 2002).................................................................7

14

*State Bd. of Equalization v. Superior Court*
15      111 Cal. App. 3d 568 (Cal. App. 3d 1980).................................................................5

16

*Tully v. Griffin, Inc.*
17      429 U.S. 68 (1976).................................................................4

18

*United Gas Pipe Line Co. v. Whitman*
        595 F.2d 323 (5th Cir. 1979).................................................................3

19

20

*United States v. Bowen*
        172 F.3d 682 (9th Cir. 1988).................................................................9, 10

21

*United States v. Morros*
22      268 F.3d 695 (9th Cir. 2001).................................................................8

23

*V.O. Motors, Inc. v. California State Bd. of Equalization*
24      691 F.2d 871 (9th Cir. 1982).................................................................9

25

*Wilbur v. Locke*
26      423 F.3d 1101, 1112-1113 (9th Cir. 2005).................................................................9

27

*Yniques v. Cabral*
28      985 F.2d 1031 (9th Cir. 1993).................................................................10

iii

1
2

## TABLE OF AUTHORITIES
### (continued)

3

**Page**

STATUTES

4

28 U.S.C.
   § 1341 ................................................................................................................1, 3
   § 1447(c) ................................................................................................................3

Rev. & Tax. Code § 6203 ................................................................................................2

5
6
7

CONSTITUTIONAL PROVISIONS

8

U.S. Const. Amendment XI ................................................................................................8

9

COURT RULES

10
11

Fed. R. Civ. P.
   19 ................................................................................................................2, 9
   19(a) ................................................................................................................9, 10
   19(b) ................................................................................................................10

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CDFTA'S NON-OPPOSITION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Nominal Defendant California Department of Tax and Fee Administration ("CFDTA") does not oppose Plaintiff Ortho Mattress, Inc.'s Motion for Order of Remand to Los Angeles Superior Court.

As CFDTA will explain in its Motion to Remand which will be heard on September 28, this action presents issues of California law that are best left to the state courts and state agencies to decide.

Federal law bars this Court from tackling these types of complex state law issues and instead, requires the Court to remand the case back to the state courts. First, the State Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, divests the district courts of jurisdiction over any action that threatens to interfere with the assessment or collection of state taxes, unless plaintiffs are without a plain, speedy, and efficient remedy in the state courts. This action will interfere with the assessment and collection of California's tax. Furthermore, Defendants have instituted an administrative protest of the CDTFA's assessment on them of a use tax collection liability, the very relief prayed for in this action.

The principle of comity also divests this Court of subject-matter jurisdiction. Comity is similar to and undergirds the TIA, but is broader. It bars actions in federal courts when those actions would risk disrupting the administration of a state's tax system. For the same reasons that the TIA requires that the Court remand this case, so does the principle of comity.

This case also raises complex issues of state law regarding the jurisdiction of the CDFTA to decide questions of state sales tax law. In *Loeffler v. Target, Inc.* 58 Cal.4th 1081, 1103 (2014), the California Supreme Court held that the Tax Code and the California Constitution mandate that issues of state sales tax law be determined in the first instance by the Board of Equalization (now the CDFTA) and not the courts. This action is barred by the reasoning behind *Loeffler*.

CDFTA'S NON-OPPOSITION

1   Furthermore, the principle of abstention counsels federal courts against

2   exercising their jurisdiction in cases involving state tax law because doing so would

3   intrude upon and disrupt a state's enforcement of its tax system.  This case presents

4   a textbook example of the type of action that a federal court should remand in order

5   to avoid interfering with a state's implementation of its tax laws.

6   Finally, the CDFTA is immune from suit in federal court under the Eleventh

7   Amendment of the United States Constitution.  At the same time, the State

8   Defendants are necessary parties pursuant to Federal Rule of Civil Procedure Rule

9   19.  Under these circumstances, the Court should remand the case to avoid unduly

10   prejudicing one or another of the parties.

11   **FACTS AND PROCEDURAL BACKGROUND**

12   Plaintiff Ortho Mattress, Inc. ("Plaintiff") alleges that it is a California

13   corporation with its principal place of business in California that is in the bedding

14   products industry.  Compl. ¶ 1.  Plaintiff avers that Defendants Bedding Pros, LLC

15   and Mattress USA (collectively "Defendants") are Michigan corporations with their

16   principal place of business in Michigan.  Complaint ¶¶ 2&3.  The Complaint

17   alleges that "Defendants target customers in California, conduct business in Los

18   Angeles County and/or otherwise work with companies and vendors in California

19   for business purposes."  Compl. ¶ 8.

20   The Complaint alleges that Mattress USA does business online and "directly

21   solicits California customers and actually achieves a substantial amount of its

22   online sales for mattresses and relates bedding supplies from California consumers"

23   and that it has "California-based representatives, agents, salespersons, canvassers,

24   independent contractors, solicitors, and/or vendors."  Compl. ¶¶ 12&13.  The

25   Complaint avers that Mattress USA violates California's sales and use tax law,

26   specifically Revenue and Taxation Code § 6203, by failing to collect and pay use

27   tax to California.  Compl. ¶ 22.  Plaintiff seeks money damages and an injunction

28

2                           CDFTA'S NON-OPPOSITION

1  requiring Defendants to pay California sales and use taxes on sales of tangible

2  personal property to California customers.  Compl. Prayer for Relief.

3      On June 21, 2017 Plaintiff filed a Complaint in Los Angeles County Superior

4  Court, naming CDFTA as a nominal defendant.  On July 21, 2017, Defendants

5  removed this action to the U.S. District Court for the Central District of California.

6  ECF #1.

## ARGUMENT

### I.    THE COURT MUST REMAND THIS CASE BECAUSE IT LACKS JURISDICTION.

Pursuant to 28 U.S.C. § 1447(c), the Court must remand this action back to the state courts because the Court lacks subject-matter jurisdiction. *Albingia Versicherungs A.G v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003; *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

### A.    The Court Lacks Subject Matter Jurisdiction Pursuant to the State Tax Injunction Act.

The Court lacks subject-matter jurisdiction pursuant to the State Tax Injunction Act, 28 U.S.C. § 1341.  The TIA mandates that:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.

Thus, the TIA divests the district courts of subject-matter jurisdiction over any action that threatens to interfere with the assessment or collection of state taxes, unless plaintiffs are without a plain, speedy, and efficient remedy in the state courts. *See United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 325-326 (5th Cir. 1979) ("In short, the history of section 1341 . . . evidences that it is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems.") (*quoting Moe v. Confederated Salish & Kootenai Tribes*, 425 U.S. 463, 470 (1976)).

CDFTA'S NON-OPPOSITION

1    The TIA "has its roots in equity practice, in principles of federalism, and in

2    recognition of the imperative need of a State to administer its own fiscal

3    operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 97 S. Ct. 219 (1976). "Its

4    primary purpose is to prevent federal court intrusion into state tax collection, an

5    area which deserves the utmost comity to state law and procedure." *Jerron West,*

6    *Inc. v. State of California State Board of Equalization*, 129 F.3d 1334, 1338 (1997).

7    The decision of the Ninth Circuit in *Jerron West* controls the result here.  In

8    *Jerron West*, taxpayers filed an action for injunctive and declaratory relief seeking

9    to enjoin the Board from conducting administrative proceedings against them for

10   the assessment and collection of state sales tax. *Id.* at 1335-1336.  The Ninth

11   Circuit held that:

12   > Based on a plain reading of the statute, the district court does not have
     > jurisdiction over the Taxpayers' action if it seeks district court
13   > interference with California's tax assessment and collection process.

14   *Id.* at 1337. The Ninth Circuit went on to state that even though the TIA only spoke

15   of barring injunctive relief, it also applied to actions seeking declaratory relief, or

16   damages or refunds. *Id.* at 1338 (citing *Marvin F. Poer and Company v. Counties*

17   *of Alameda*, 725 F.2d 1234, 1235-1236 (9th Cir. 1984)).  The TIA even applied to

18   actions that would impose only "an indirect restraint on tax assessment." *Jerron*

19   *West,* 129 F.3d at 1337.

20   Given the broad application that the Ninth Circuit gave to the TIA in *Jerron*

21   *West*, it is obvious that the TIA applies in this case.  Here, Plaintiff seeks injunctive

22   relief and damages, which would all directly restrain the assessment and collection

23   of California's sales tax.  For example, the Complaint seeks a court order requiring

24   Defendants to pay California taxes. Compl., ¶ 46.  The TIA divests this Court of

25   the jurisdiction to grant such relief. *Levin v. Commerce Energy, Inc.*, 560 U.S. 413,

26   130 S. Ct. 2323, 2334 (2010) ("[T]he [State Tax Injunction] Act precludes relief

27   that would diminish state revenues. . . ").

28   The exception to the TIA, when there is not a plain, speedy, and efficient

                                        4                    CDFTA'S NON-OPPOSITION

1   remedy in state court does not apply here.  The United States Supreme Court has

2   held that this exception must be construed narrowly.  *California v. Grace Brethren*

3   *Church*, 457 U.S. 393, 413, 102 S. Ct. 2498, 2510 (1982) ("In order to

4   accommodate these concerns and be faithful to the congressional intent 'to limit

5   drastically' federal-court interference with state tax systems, we must construe

6   narrowly the 'plain, speedy and efficient' exception to the Tax Injunction Act.").

7   Furthermore, the TIA only requires that the state court remedy meet certain

8   "minimal procedural criteria" and not any specific substantive requirements.

9   *Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 512-513, 101 S. Ct. 1221, 1229

10  (1981).  The fact that such a remedy is available to Plaintiff (and that Plaintiff has

11  availed itself of the remedy) divests this Court of jurisdiction.

12      Moreover, Defendants are currently engaged in an administrative proceeding

13  following an assessment that they are required to collect California use tax.  ECF #

14  16 at ¶ 11.  "It is well settled that pending completion of those administrative

15  proceedings, respondent court lacks jurisdiction."  *State Bd. of Equalization v.*

16  *Superior Court*, 111 Cal. App. 3d 568, 571 (Cal. App. 3d 1980).  As a result, this

17  action cannot proceed while administrative proceedings are pending before

18  CDFTA.

19      **B.    The Principle of Comity Divests This Court of Subject Matter**
           **Jurisdiction.**

20

21      There is another reason this Court lacks subject-matter jurisdiction – the

    principle of comity.  While the TIA is based on considerations of comity, the
22
    principle of comity itself is older and broader than the TIA.  It bars actions in
23
    federal courts when those actions would risk disrupting the administration of a
24
    state's tax system in general.  *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 130
25
    S. Ct. 2323, 2328 (2010) ("More embracive than the TIA, the comity doctrine
26
    applicable in state taxation cases restrains federal courts from entertaining claims
27
    ☐or relief that risk disrupting state tax administration.").
28

CDFTA'S NON-OPPOSITION

1    In *Jerron West*, the Ninth Circuit stated, "[T]he principle of comity alone

2    would bar federal courts from granting damages relief in state tax cases because

3    such relief would intrude upon and disrupt a state's enforcement of its tax system."

4    *Jerron West*, 129 F.3d 1334 at 1338. Similarly, in *Fair Assessment in Real Estate*

5    *Ass'n, Inc. v. McNary*, 454 U.S. at 113-116, 102 S. Ct. at 184-186 (1981), the

6    United States Supreme Court held that comity barred an action in federal court

7    seeking damages for allegedly unlawful application of state tax laws where such a

8    suit would interfere with the state's tax system. The *Fair Assessment* Court noted

9    that "restraint was particularly appropriate because of the delicate balance between

10   the federal authority and state governments, and the concomitant respect that should

11   be accorded state tax laws in federal court." *Id.* at 454 U.S. at 108, 102 S. Ct. at

12   182.

13   For the reasons stated above, allowing this action to proceed in federal court

14   clearly would "intrude upon and disrupt a state's enforcement of its tax system."

15   This Court should show the kind of restraint counseled by the Supreme Court in

16   *Fair Assessment* and the Ninth Circuit in *Jerron West* and remand this action back

17   to the state courts. As noted above, there is already an administrative proceeding in

18   which Defendants are contesting the Department's assessment of use tax. The

19   principle of comity dictates that this Court should refrain from acting in order to

20   allow the administrative process to proceed to its ultimate conclusion.

21   **II. THE COURT SHOULD DECLINE JURISDICTION UNDER THE PRINCIPLE OF ABSTENTION AND REMAND THE CASE.**

22

23   Even assuming the Court has jurisdiction over this action, the Court should

     decline to exercise that jurisdiction under the principle of abstention.[1] *Burford v.*

24
     *Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098 (1943), directs a federal court to abstain
25
     from hearing a case when doing so would interfere with the proceedings of a state
26

     ---
27   [1] Unlike the TIA or the principle of comity, the principle of abstention does not divest the federal courts of jurisdiction. Rather, it counsels a federal court that has jurisdiction to decline to exercise that jurisdiction.
28

6                                                    CDFTA'S NON-OPPOSITION

1   administrative agency. Under *Burford*, a district court should refuse jurisdiction if

2   the case involves "an essentially local issue arising out of a complicated state

3   regulatory scheme." *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374,

4   376 (9th Cir. 1982). In making this determination, the courts will look to several

5   factors, including: (1) whether the state has chosen to concentrate suits challenging

6   the actions involved in a particular court; (2) whether federal issues cannot be

7   separated easily from complex state law issues in which state courts might have

8   special competence; and (3) whether federal review might disrupt state efforts to

9   establish a coherent policy. *Southern Cal. Edison Co. v. Lynch*, 307 F.3d 794, 806

10   (9th Cir. 2002).

11      Here, there can be little doubt that questions of state tax law present complex

12   and important issues of a local nature with which federal courts should be cautious

13   of interfering. The United States Supreme Court has long "recognized the

14   important and sensitive nature of state tax systems and the need for federal-court

15   restraint when deciding cases that affect such systems." *Fair Assessment*, 454 U.S.

16   at 102, 102 S. Ct. at 179; *see also Levin*, 560 U.S. at 421-422, 130 S. Ct. at 2330

17   (states rely upon taxation systems as "the means to carry on their respective

18   governments, and it is of the utmost importance to all of them that the modes

19   adopted to enforce the taxes levied should be interfered with as little as possible.").

20      Furthermore, the State of California has chosen to create a "comprehensive

21   administrative scheme" to handle issues arising from tax controversies. *Loeffler*, 58

22   Cal.4th at 1103. The California Supreme Court has ruled that "it is for the

23   [CDFTA] in the first instance to interpret and administer" the sales and use tax

24   laws, thus concentrating disputes over sales and use tax laws in that forum. *Id.* at

25   1103.

26      In addition, this case presents no federal issues. Thus, there are only

27   "complex state law issues in which state courts might have special competence."

28   *Southern Cal. Edison Co. v. Lynch*, 307 F.3d 794, 806 (9th Cir. 2002) (quoting *City*

7                 CDFTA'S NON-OPPOSITION

1   *of Tucson v. United States W. Communs.*, 284 F.3d 1128, 1133 (9th Cir. 2002) and

2   *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001). As such, federal review

3   would only disrupt state efforts to establish a coherent policy.

4        In light of the fact that this case involves only complex issues of state law

5   and presents the potential to interfere with the state's system of tax collection and

6   adjudication, the Court should decline jurisdiction under *Burford*.

7
8   **III. THE COURT SHOULD REMAND THE CASE BECAUSE THE CDFTA IS
        IMMUNE FROM SUIT IN FEDERAL COURT PURSUANT TO THE ELEVENTH
        AMENDMENT TO THE UNITED STATES CONSTITUTION.**

9   The Eleventh Amendment provides:

10
11  The Judicial power of the United States shall not be construed to
    extend to any suit in law or equity commenced or prosecuted against
    one of the United States by Citizens of another State, or by Citizens or
12  Subjects of any Foreign State.

13
14  U.S. Const. amend. XI.  The United States Supreme Court has interpreted

15  this to be a grant of sovereign immunity to the states and their agencies

16  against suit in federal court: "[E]ach State is a sovereign entity in our federal

17  system; and . . . 'it is inherent in the nature of sovereignty not to be amenable

18  to the suit of an individual without its consent.'" *Seminole Tribe of Florida v.*

19  *Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122 (1996) (quoting *Hans v.*

20  *Louisiana*, 134 U.S. 1, 13, 10 S. Ct. 504 (1890)). This jurisdictional bar

21  applies to suits "in which the State or one of its agencies or departments is

22  named as the defendant" and "applies regardless of the nature of the relief

23  sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104

24  S. Ct. 900 (1984).

25       Thus, the State of California is immune from suit in federal court under

26  the Eleventh Amendment to the United States Constitution.  As an agency of

27  the State of California, the CDFTA is similarly immune.

28

CDFTA'S NON-OPPOSITION

1    *V.O. Motors, Inc. v. California State Bd. of Equalization*, 691 F.2d 871 (9th

2    Cir. 1982) is directly on point and controls this case.  There, the plaintiff named the

3    Board as a defendant in a federal action challenging the Board's assessment of use

4    taxes on leased automobiles. *Id.* at 871.  The Ninth Circuit held that the action was

5    barred by the Eleventh Amendment, noting that "in the context of tax litigation, the

6    Supreme Court has stated that a state's consent to suit against itself in the federal

7    courts is required." *Id.* at 872 (citing *Kennecott Copper Corp. v. State Tax*

8    *Comm'n*, 327 U.S. 573, 577, 66 S. Ct. 745, 747 (1946)).  As the Ninth Circuit

9    explained, "'The reason underlying the rule . . . is the right of a State to reserve for

10   its courts the primary consideration and decision of its own tax litigation because of

11   the direct impact of such litigation upon its finances.'" *Id.* at 872 (quoting

12   *Kennecott Copper Corp.*, 327 U.S. at 577, 66 S. Ct. at 747).

13        Moreover, this action cannot proceed in federal court without CDFTA

14   because it is a necessary party pursuant to Rule 19 of the Federal Rules of Civil

15   Procedure.  It is a necessary party because it "claim[s] an interest relating to the

16   subject of the action and is so situated that the disposition of the action in the

17   person's absence may [] as a practical matter impair or impede the person's ability

18   to protect that interest." Fed. R. Civ. Proc. 19(a); *United States v. Bowen*, 172 F.3d

19   682, 688 (9th Cir. 1988).

20        CDFTA has a vital interest in maintaining the integrity of the sales and use

21   tax system. *Decorative Carpets, Inc. v. St. Bd. of Equalization*, 58 Cal.2d 252, 255

22   (Cal. 1962).  That interest would be impaired or impeded if this case were decided

23   in its absence.  This action seeks, among other relief, for the Court to determine

24   whether Defendants are required to collect California use taxes.  CDFTA, not the

25   Court, should make that determination in the first instance.  CDFTA has an interest

26   in the collection and retention of use tax revenues and deciding this case in its

27   absence would, as a practical matter, impair or impede its ability to protect that

28   interest. Fed. R. Civ. Proc. 19(a); *see Wilbur v. Locke*, 423 F.3d 1101, 1112-1113

(9th Cir. 2005) (Indian tribe was necessary party pursuant to Rule 19(a) where case could affect tribe's imposition of sales tax on cigarettes), *abrogated on other grounds, Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010).

Once a court has determined that a party is a necessary party under Rule 19(a), it must then determine whether joinder is feasible and whether the party is indispensable under Rule 19(b). *Bowen*, 172 F.3d at 688. Here, joinder is not feasible due to Eleventh Amendment immunity. In such a situation, the Ninth Circuit has held that this Court could 1) deem CDFTA as an indispensable party and dismiss the action, 2) deem CDFTA as not indispensable and continue its jurisdiction over the lawsuit without CDFTA as a party, or 3) it could allow CDFTA to remain joined to this action and remand to state court. *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993), *overruled on other grounds by McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999). Here, there is no need for the Court to determine whether CDFTA is an indispensable party.[2] The Court should avail itself of the third option and remand the case back to the state courts.

## CONCLUSION

For the reasons set forth herein, the Court should grant Plaintiff's Motion and remand this action to the Los Angeles Superior Court.

---

[2] CDFTA takes the position that the Court may not take the second option as it is an indispensable party to this action.

CDFTA'S NON-OPPOSITION

1    Dated:  August 24, 2017                    Respectfully submitted,

2                                               XAVIER BECERRA
                                                Attorney General of California
3                                               LISA W. CHAO
                                                Supervising Deputy Attorney General
4

5

6                                               /s/ Laura E. Robbins
                                                LAURA E. ROBBINS
7                                               Deputy Attorney General
                                                *Attorneys for Nominal Defendant*
                                                *California Department of Tax and*
8                                               *Fee Administration*

9    LA2017604623
     52602145.doc
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    11              CDFTA'S NON-OPPOSITION

## CERTIFICATE OF SERVICE

Case Name:  **Ortho Mattress, Inc. v. Bedding**        No.      **2:17-cv-05409-GW-Ex**
                **Pros, LLC et al.**

I hereby certify that on <u>August 24, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOMINAL DEFENDANT CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION'S STATEMENT OF NON-OPPOSITION TO PLAINTIFF ORTHO MATTRESS, INC.'S MOTION FOR ORDER OF REMAND TO THE LOS ANGELES SUPERIOR COURT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 24, 2017</u>, at Los Angeles, California.

<table>
<tr><td>Carolina Castillo</td><td>/s/ <i>Carolina Castillo</i></td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

LA2017604623
52605731.doc