UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5409-GW (Ex) | Date | September 28, 2017 |
|---|---|---|---|
| Title | *Ortho Mattress Inc., v. Bedding Pros, LLC., et al.,* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christina Nordsten | Erik M. Anderson<br>Laura E. Robbins |

**PROCEEDINGS:** NOMINAL DEFENDANT CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION'S MOTION TO REMAND [24]

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Defendant's Motion is TAKEN UNDER SUBMISSION. Court to issue ruling.

***Ortho Mattress, Inc. v. Bedding Pros, LLC, et al.***, Case No. 2:17-cv-05409-GW-(Ex)
Tentative Ruling on Defendant California Department of Tax and Fee Administration's
Motion to Remand

On June 21, 2017, in the Superior Court of the State of California for the County of Los Angeles, Ortho Mattress, Inc. ("Plaintiff") sued Bedding Pros, LLC dba US-Mattress and Mattress USA, Inc. dba US-Mattress (collectively, "Defendants"), along with "nominal defendant" California State Board of Equalization, setting forth five causes of action in its Complaint: 1) intentional interference with prospective economic advantage; 2) negligent interference with prospective economic advantage; 3) false advertising under Cal. Bus. & Prof. Code §§ 17500, et seq.; 4) unfair competition under Cal. Bus. & Prof. Code §§ 17200 et seq.; and 5) common law unfair competition. The California State Board of Equalization, appearing under the name the California Department of Tax and Fee Administration ("CDTFA"), now moves to remand.[1]

The Court discussed the background of the case in connection with its recent denial of Plaintiff's motion to remand (which had been based on the argument that the jurisdictional minimum of $75,000 was not present). *See* Docket No. 38. It is worth discussing here too.

Plaintiff – a California company – offers mattresses and bedding products for sale, including related installation services, to customers in Los Angeles and the greater Southern California area through its website and its Southern California retail locations. *See* Complaint ¶¶ 1, 10. Defendants, operating out of Michigan, directly solicit California customers and achieve a substantial amount of online sales for mattresses and related bedding supplies from California consumers. *See id.* ¶¶ 11-12. Plaintiff alleges that Defendants are engaging in violations of California's "use tax," in part by failing to register for a seller's permit or appropriate license with the Board of Equalization for any of their California-based business activity, and by failing to collect any use tax. *See id.* ¶¶ 14-15, 20-22.

As a result of avoiding use tax obligations, Defendants can offer their mattress

---

[1] The CDTFA and Defendants have separate motions to dismiss pending as well. If the Court concludes that it either does not have subject matter jurisdiction or, for one reason or another, should not exercise any jurisdiction here, it will not reach the motions to dismiss.

and bedding products for sale at a significantly-lower cost to California consumers than can Plaintiff, thereby intentionally diverting customers from Plaintiff's product offerings, harming Plaintiff's economic relationship with its ongoing and prospective California customer base.  *See id.* ¶¶ 23, 25.  In doing so, Defendants falsely advertise that the listed prices for their goods and services are transparent and comprehensive, inclusive of shipping and handling costs, and beat the before-shipping prices of their competitors.  *See id.* ¶ 45.  Plaintiff seeks injunctive relief, general, special and punitive damages, restitution, costs, reasonable attorneys' fees, and other just and proper relief.

The CDTFA raises numerous grounds for why it believes a remand is proper here.[2]  First, it asserts that the Court lacks subject matter jurisdiction due to the State Tax Injunction Act, 28 U.S.C. § 1341.  Second, it argues that principles of comity bar the exercise of subject matter jurisdiction here.  Third, it contends that the Court should decline to exercise jurisdiction pursuant to abstention.  Finally, it argues that the Court should remand the case because the CDTFA is immune from suit pursuant to the Eleventh Amendment to the United States Constitution and the action cannot proceed in federal court in its absence.

Defendants oppose the CDTFA's motion to remand, but partially join in its simultaneous motion to dismiss.  In setting out their position, Defendants agree that the case cannot proceed because of the California Supreme Court's decision in *Loeffler v. Target Corporation*, 58 Cal.4th 1081 (2014), one of the cases underlying the CDTFA's abstention argument in the remand motion.  Defendants therefore assert that the Court need not resolve the CDTFA's arguments concerning the State Tax Injunction Act or comity, while also taking the position that the CDTFA is neither a necessary nor an indispensable party.  For its part, Plaintiff expressly does not oppose the CDTFA's motion.  Insofar as all parties agree that abstention, founded on the *Loeffler* decision, precludes this case from proceeding here (resulting in either a remand or a dismissal), the Court examines that issue first.

The CDTFA relies on *Loeffler* in the context of an argument based on "*Burford*" abstention.  "*Burford* abstention 'is concerned with protecting complex state

---

[2] Even if the CDTFA were somehow limited in, or prohibited from, moving to remand because of its "nominal defendant" status, this Court still has the obligation to examine its own subject matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

administrative processes from undue federal interference.'" *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004) (quoting *Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1404 (9th Cir. 1991)). It is "only appropriate where: '(1)…the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3)…federal review might disrupt state efforts to establish a coherent policy.'" *Id.* (quoting *Tucker*, 942 F.2d at 1405); *see also* O'Connell & Stevenson, California Practice Guide:  Federal Civil Procedure Before Trial (2017) §§ 2:4565-4566, at 2E-73.

*Loeffler* involved allegations that the "defendant retailer represented that it properly was charging and in fact charged [the plaintiff-customers] sales tax reimbursement on sales of hot coffee sold 'to go,' when, according to plaintiffs, the tax code rendered such sales exempt from sales tax." 58 Cal.4th at 1092. The California Supreme Court concluded that the lawsuit could not proceed:

> The clear basis of plaintiffs' action – that Target represented that it properly was charging and in fact charged sales tax reimbursement on a sale that plaintiffs believe the tax code exempted from taxation – requires resolution of a sales tax law question, that is, whether Target's sales of hot coffee to go to plaintiffs were subject to sales tax or fell within an exemption.  That question, which we may characterize as the "taxability" question, is committed in the first instance to the Board, subject to judicial review under the restrictions and pursuant to the procedures provided by the tax code.  A UCL or CLRA cause of action such as plaintiffs' cannot be reconciled with the primary decisionmaking role that the tax code vests in the Board with respect to tax issues.

*Id.* at 1100.

A decision in favor of Plaintiff here would require the Court to conclude that Defendants were improperly failing to collect a "use tax." Proceedings between Defendants and the CDTFA are now ongoing to resolve that very question. *See* Declaration of Joseph A. Nashif in Support of Defendants' Motion to Dismiss or, in the Alternative, Stay (Docket No. 16), ¶¶ 9-14. As *Loeffler* instructs, the courts are not to resolve the issue in the first instance.

In addition, the Supreme Court has specifically recognized the federal courts' power "to refrain from hearing…cases whose resolution by a federal court might

unnecessarily interfere with a state system for the collection of taxes." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996) (citing *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943)). This approach is built, to a certain degree, upon 28 U.S.C. § 1341, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[3] The "primary purpose" of this legislation "is to prevent federal court intrusion into state tax collection, an area which deserves the utmost comity to state law and procedure." *Jerron West, Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1997). Because of Section 1341, a district court does not have jurisdiction over an action "if it seeks district court interference with California's tax assessment and collection process." *Id.* at 1337. While this case may not seek direct interference with California's use tax assessment and collection, recovery here is dependent upon this Court's determining when such assessment and collection is required. *See id.* at 1337-38 ("[E]ven an indirect restraint on tax assessment would violate the Act . . . . [T]he Act prohibits relief where it would result in a restraint on tax assessment even though achieved indirectly."). Indeed, even in the absence of Section 1341, *Jerron West* indicates that this Court should not preside over this action. *See id.* at 1338 ("The Supreme Court has also held that, irrespective of [Section 1341], the principle of comity alone would bar federal courts from granting damages relief in state tax cases because such relief would intrude upon and disrupt a state's enforcement of its tax system.") (citing *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 114 (1981)).

Whether or not *Burford* abstention, based in part on the *Loeffler* decision, would be enough to indicate that this Court should abstain here, *Burford*/*Loeffler* in combination with Section 1341 and *Jerron West* certainly suggests that result as being appropriate. Rather than dismissing the case, however, the Court will remand the matter so that California's state courts can determine whether, given *Loeffler*, there is any basis for a competitor, such as Plaintiff, to pursue a damages action that is dependent upon the particular resolution of a now-pending question under California's use tax, or whether

---

[3] No party (or "nominal" party) suggests that there is no plain, speedy and efficient state remedy for resolution of the use tax issue this case raises.

4

Defendants are instead correct that "[t]here is no ability for a competitor like [Plaintiff] to bring a case like this one."  Docket No. 35, at 1:22-23.

The Court grants the CDTFA's motion, and remands the matter.  The pending motions to dismiss are vacated.